NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| SHEILA ROBINSON, | Civil Action No.: 10-2491 (JLL) |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| NEWARK POLICE DEPARTMENT, | |
| Defendant. | |

This matter comes before the Court by way of Plaintiff's submission of an Amended Complaint and an application for an injunction. Because Plaintiff is proceeding in forma pauperis, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court screens the Amended Complaint to determine that it is not frivolous, that it states a claim on which relief may be granted, and that it does not seek monetary relief against a defendant who is immune. The Court has reviewed the Amended Complaint and the injunction application and finds that:

Amended Complaint

1.  Plaintiff's Amended Complaint states, in its entirety:

    Malicious prosecution, police conspiracy, police vendetta. Incidents Feb. 25, 2010, of Newark Police's arrest of me on complaints #2010 004697 and 2007 021508 in which charges were false, malicious–and part of a police vendetta–stalking, in which they malicious[ly] violated me by pulling my t-shirt up exposing me in front of their co-workers. I'm amending [the] complaint to include incidents that occurred 5-6-10 and 5-18-10, in which police refused to respond to my calls for assistance in which I was aggravately assaulted and injured. The Newark Police are purposely and viciously blocking my assistance of law-enforcement to assist me, violating my rights to equal protection and putting my life in danger. Amended request for compensation: $800 million dollars." (Am. Compl. (emphasis in

       original).)

2. As stated in this Court's prior order, dismissing Plaintiff's original complaint, Federal Rule of Civil Procedure 8(a) requires that the Complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." In Ashcroft v. Iqbal the Supreme Court clarified this pleading standard. See 129 S. Ct. 1937 (2009). The Court held that for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). But, the Court also made clear that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Plaintiff's Amended Complaint again fails to meet these minimum pleading requirements.

3. In order to state a claim for malicious prosecution as a constitutional violation, a plaintiff must establish: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in Plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81 (3d Cir.2007). Other than asserting that she was arrested, Plaintiff provides no facts to support the basic elements of her claim. She simply make a broad, conclusory allegation that her arrest was false and malicious. This is insufficient under Rule 8.

4. Plaintiff also appears also to be complaining about the search of her person after the arrest. However, from the minimal facts provided, this is far from clear. Additionally, even if she clearly stated that she believed an officer violated her rights in searching her, she has not provided sufficient allegations to give any contours to the event at issue. In order to state a claim she must make sufficient allegations to put the defendants on notice of the specific claim being asserted against them.

5. Lastly, she appears to be alleging that the police have violated her rights by failing to respond to her calls. But, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989). Thus, there is no affirmative right to police assistance unless "there exists a 'special relationship' between the state and an individual

such that the state owes the individual an affirmative duty to protect the health and safety of such individual," or unless "the state has created a danger that causes harm to an individual." White v. City of Phila., 118 F. Supp.2d 564, 568 (E.D. Pa. 2000) (citing DeShaney, 489 U.S. at 197-201, and Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir.1997)). Plaintiff has not alleged any facts to support such a claim. Additionally, to the extent that she is submitting an equal protection claim based on the failure to respond, she has made no allegations that she is in a protected class and that others were treated differently from her in similar situations. Therefore, the Court also finds that she has failed to meet Rule 8's requirements for this claim.

6. The Court will again grant Ms. Robinson leave to amend her complaint to cure the deficiencies. However, the Court notes that if the deficiencies are not cured in a newly amended complaint, they will be dismissed with prejudice.

Injunction Application

7. Plaintiff's appears to seek an injunction to block all federal and state funds to the 5th precinct police department and its officers and detectives "in response to their violating [her] civil and constitutional rights to police assistance." (CM/ECF No. 4, Application for Injunction, at 1.) She states that she has "called the police over 50 times since May 2010," and "they come in two hours or not at all." (Id.) She asserts that she has been injured in attacks where the police have not responded. (Id.) She states that she is "seeking criminal charges." (Id.)

8. Plaintiff's application fails to comply with Local Civil Rule 65.1 governing Applications for Emergency Relief. For example, the application does not include:
   - A "clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary" (emphasis added); and
   - A Proposed Order to Show Cause with Temporary Restraints.

Her request is simply made via an informal application to this Court. Thus, the basic procedural pre-requisites for an application for emergency relief have not been met and, as such, this Court denies the request.

The Court also notes that, even if the procedural deficiencies were overlooked by this Court due to the pro se status of Plaintiff, the request for interim relief also would be appropriately denied on the merits. Plaintiff's application appears to seek two remedies: criminal charges and an injunction blocking all funding to the police department. The first may not be accomplished by a civil application for an injunction. For the latter, Plaintiff has failed to provide even basic allegations

establishing that such a remedy exists and the basis for such a remedy in this case. As noted above, the claim appears to be based on an assertion of a violation of a right to police assistance. No such general right exists. She has provided no allegations supporting that a right in her case has been triggered by the circumstances of her case.

Therefore, it is on this 29th day of September, 2010,

**ORDERED** that Plaintiff's Amended Complaint is DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a); and it is further

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of entry of this Order in which to amend her Complaint. If Plaintiff fails to amend her Complaint within the time specified above, the Complaint will be dismissed with prejudice and the matter will be closed; and it is further

**ORDERED** that Plaintiff's application for an injunction is DENIED.

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE